UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,                                                    Case No. 21-mj-30334

v.

Kyle Hobbs,

    Defendant.

---

### Stipulation and Proposed Order to Continue the
### Preliminary Examination and Find Excludable Delay

---

The parties jointly submit this stipulation and request that the Court order the time period in which an indictment must be returned be continued for 30 days and find that the ends of justice served by this continuance outweigh the best interests of the defendant and the public in a speedy indictment. The parties agree that the preliminary hearing date currently scheduled for April 8, 2022, should be adjourned to May 9, 2022.

Ordinarily, an indictment must be returned within thirty days from the date on which a defendant is arrested on a complaint. 18 U.S.C. § 3161(b). That period may be continued by the Court, however, and under some circumstances the resulting period of delay may be found to be excludable delay for purposes of the

30-day clock of § 3161(b). 18 U.S.C. § 3161(h)(7)(A). The parties jointly request that the Court continue the period in which an indictment must be returned by 30 days, because the parties need more time to meet and confer regarding the charges. Specifically, the government recently provided pre-indictment discovery to the defense and the parties engaged in initial pre-indictment plea negotiations. Those negotiations are ongoing and could result in a resolution of the case without the need for a grand jury indictment. The government plans to propose a formal Rule 11 Plea Agreement during the next 30 days. Accordingly, additional time is necessary. Failure to grant a continuance would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

      The parties further stipulate and request that the Court find that, in light of the factors set forth in § 3161(h)(7)(B), the ends of justice served by this continuance outweigh the best interests of the defendant and the public in a speedy indictment, and that such time should therefore be excluded from the time within which an indictment must be filed. *See* 18 U.S.C. § 3161(h)(7)(A) (allowing for periods of excludable delay).

**IT IS SO STIPULATED**.

DAWN N. ISON
United States Attorney

| *s/Kevin M. Mulcahy* | *s/Samuel Bennett (with consent)* |
|---|---|
| Kevin M. Mulcahy | Samuel J. Bennett |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort Street, Suite 2001 | 25600 Woodward Avenue, Suite 214 |
| Detroit, MI 48226 | Royal Oak, MI 48067 |
| Kevin.Mulcahy@usdoj.gov | sam@bennettplc.com |
| (313) 226-9713 | (248) 281-6991 |

Date: April 5, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,                                    Case No. 21-mj-30334

v.

Kyle Hobbs,

    Defendant.

### Order Continuing the
### Preliminary Hearing Date and Finding Excludable Delay

The Court has considered the parties' stipulation and joint motion to continue the preliminary examination by 30 days, and hereby grants that request. For the reasons described in the parties' stipulation, which the Court adopts as its own, the Court specifically finds that failure to grant a continuance would likely make a continuation of the proceeding impossible, or result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

Accordingly, the Court finds, after considering the factors set forth in 18 U.S.C. § 3161(h)(7)(B), that the ends of justice served by this continuance outweigh the best interests of the public and the defendant in a speedy trial and that this continuance qualifies as excludable delay under 18 U.S.C. § 3161(h)(7)(A).

**IT IS THEREFORE ORDERED** that the preliminary examination currently set for April 8, 2022, be adjourned to May 9, 2022, and that the time period be excluded under 18 U.S.C. § 3161(b).

**IT IS SO ORDERED**.

Entered: April 5, 2022

s/Kimberly G. Altman
Hon. Kimberly G. Altman
United States Magistrate Judge